UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:15-cr-00012-DBH-1 |
| | ) | |
| TASHEEM CARTER, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT**

Defendant moves to reduce his sentence pursuant to §§ 401 and 404 of the First Step Act, Pub. L. No. 115- 391 (2018). (Motion, ECF No. 110.) Following a review of the record and after consideration of Defendant's motion, I recommend the Court deny the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2015, Defendant was indicted for possession with intent to distribute cocaine and oxycodone and conspiracy to distribute cocaine, oxycodone, and 28 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Superseding Indictment, ECF No. 31.) Defendant pled guilty to the conspiracy charge, (Change of Plea Hearing, ECF No. 64), and in January 2016, the Court sentenced Defendant to 132 months imprisonment. (Judgment, ECF No. 91).

**DISCUSSION**

Section 401 of the First Step Act reduced the statutory mandatory minimum penalties pursuant to 21 U.S.C. §§ 841 and 851 for defendants found to have prior

convictions for serious drug felonies or serious violent felonies. *Id.* § 401(a). Section 401 does not apply to Defendant however, because Defendant was not sentenced according to a mandatory minimum for a prior drug felony or violent felony conviction. (Synopsis, ECF No. 32; Presentence Investigation Report ¶ 79 (describing five-year mandatory minimum based on cocaine base quantity, not a prior conviction)).[1]

Under § 404 of the First Step Act, Congress made the provisions governing minimum quantities and mandatory minimum sentences for cocaine base in the Fair Sentencing Act of 2010, Pub L. No. 111-220 (2010) apply retroactively to sentences imposed before August 3, 2010. *See United States v. Smith*, 954 F.3d 446, 446–48 (1st Cir. 2020); *see also, United States v. Pierre*, 372 F. Supp. 3d 17, 18–20 (D.R.I. 2019) (summarizing the history of the penalties for cocaine base). Section 404 does not provide a basis to reduce Defendant's sentence, however, because he was sentenced after August 2010, and thus his term of imprisonment already accounted for the changes to the cocaine base minimums. Accordingly, Petitioner is not entitled to relief under § 404 of the First Step Act.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for a sentence reduction pursuant to the First Step Act.

---

[1] Even if Defendant had faced a mandatory minimum sentence for a prior conviction, Congress did not make the § 401 changes to the mandatory minimum sentences apply retroactively, and thus the changes would not apply to Defendant, who was sentenced before December 21, 2018. *Id.* § 401(c); *United States v. Gonzalez*, 949 F.3d 30, 42-43 (1st Cir. 2020).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 2nd day of October, 2020.