UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:15-CR-12-DBH-01 |
| ) | |
| TASHEEM CARTER, ) | |
| ) | |
| DEFENDANT ) | |

**ORDER ON DEFENDANT'S MOTION TO
UNSEAL WIRETAP APPLICATION**

In January 2016, after he pleaded guilty, I sentenced the defendant on a drug trafficking charge. The Federal Defender's office represented him. The Presentence Report made clear that wiretaps of his cellphone had played a major part in uncovering his role in the offense. Revised PSR at 5-7. The defendant did not appeal his sentence and he did not file a section 2255 collateral attack. He did recently seek a reduction of his sentence under the First Step Act, but the Magistrate Judge concluded he did not qualify for such relief and I agreed. (ECF Nos. 110, 111, 114).

Now (in November 2020), he has filed a motion to unseal law enforcement's 2014 application for the wiretap of his cellphone. He says:

> Since information from the "October 31, 2014 Wiretap" provided probable cause for additional search warrants to be granted, defendant argues that such information should be revealed to him. Also, there may be reason or authority to contest the authorization of the wiretap, or the integrity of the applications contents (providing grounds for appeal or review).

Def.'s Mot. at 3 (ECF No. 113). The government objects, saying that the defendant has not shown "good cause" as required by 18 U.S.C. § 2518(8)(b).[1] Gov't's Opp'n (ECF No. 117). In his reply, the defendant says "Counsel for the Defendant never made him aware of the Wiretap in question nor of it being sealed." Def.'s Reply at 2 (ECF No. 118).

At sentencing I made sure that the defendant had read the presentence report and discussed it with his lawyer. Sentencing Tr. at 3-4 (ECF No. 96). I therefore reject his assertion that he was unaware of the wiretap until now, because it was referred to repeatedly in the presentence report. So does he have good cause at this late date to have the wiretap application unsealed? The answer is no. There is no pending challenge to his conviction or sentence. The time for appeal and collateral attack is long past.[2]

The motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF DECEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Title 18 U.S.C. § 2518(8)(b) provides:
> Applications made and orders granted under this chapter shall be sealed by the judge. Custody of the applications and orders shall be wherever the judge directs. Such applications and orders shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction and shall not be destroyed except on order of the issuing or denying judge, and in any event shall be kept for ten years.

Courts have concluded that section 2518(8)(b)'s "good cause" "means that, at least minimally, there must be a need for disclosure." In re Applications of Kansas City Star, 666 F.2d 1168, 1176 (8th Cir. 1981); see also In re New York Times Co., 577 F.3d 401, 408 (2d Cir. 2009).

[2] The defendant did not file a notice of appeal within fourteen days after entry of his conviction. See Fed. R. App. P. 4(b)(1)(A). And the AEDPA imposed a one-year limit on filing a section 2255 motion. See 28 U.S.C. § 255(f); AEDPA, Pub. L. No. 104-132, 110 Stat. 1214.